IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PHILLIPS CONSTRUCTION, LLC,

                              Plaintiff,

v.                                     CIVIL ACTION NO.   2:14-cv-23809

DANIELS LAW FIRM, PLLC, et al.,

                              Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff's Motion to Remand, (ECF 5), and Defendants' Motion to Dismiss, (ECF 3). For the reasons discussed herein, the Court **GRANTS** the Motion to Remand.

## *I.       Background*

This case arises out of alleged professional malpractice relating to Defendants' prior representation of Plaintiff in another matter. Plaintiff "is a Kentucky Corporation which performs excavation, site work and construction services in several states including West Virginia." (ECF 1, Ex. A (Compl.) ¶ 1.) Defendant Daniels Law Firm, PLLC is a professional limited liability company organized under the laws of West Virginia and Defendant Normal Daniels, Jr. is a resident of West Virginia. (*Id.* ¶ 2; *see* ECF 1 at 3 ("Defendants Daniels Law Firm and Mr. Daniels are citizens of West Virginia.").)

1

On May 16, 2014, Plaintiff filed the complaint against Defendants in the Circuit Court of Kanawha County, West Virginia. (ECF 1, Ex. A.) The complaint includes state-law claims for negligence and breach of contract. (*Id.*)

On July 17, 2014, Defendants removed this action to this Court solely on the basis of diversity jurisdiction. (ECF 1.) On July 24, 2014, Defendants filed the Motion to Dismiss. (ECF 3.) This motion was fully briefed as of August 11, 2014. (*See* ECF 8.)

In addition to filing an opposition to the Motion to Dismiss, Plaintiff timely filed the Motion to Remand on August 4, 2014. (ECF 5.) Defendants filed their opposition on August 18, 2014, (ECF 10), and Plaintiff filed its reply briefing on August 25, 2014, (ECF 11). As such, both Plaintiff's Motion to Remand and Defendants' Motion to Dismiss are fully briefed and ready for disposition.

## II.    Legal Standard

Article III of the United States Constitution provides, in pertinent part, that "[t]he judicial Power shall extend . . . to Controversies . . . between Citizens of different States." U.S. Const., art. III, §2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Congress provided a right to remove a case from state to federal court under 28 U.S.C. § 1441. This statute states, in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

2

28 U.S.C. § 1441(a). "[F]ederal jurisdiction . . . is fixed at the time the . . . notice of removal is filed." *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) (citing *Mollan v. Torrance*, 22 U.S. (9 Wheat) 537, 539 (1824)). "The burden of establishing federal jurisdiction is placed upon the party seeking removal," *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted), and defendants have the burden to show the existence of federal jurisdiction by a preponderance of the evidence, *Johnson v. Nutrex Research, Inc.*, 429 F. Supp. 2d 723, 726 (D. Md. 2006) (citing *Schwenk v. Cobra Mfg. Co.*, 322 F. Supp. 2d 676, 678 (E.D. Va. 2004)).

> Section 1447, in turn, governs the remand procedure and provides, in relevant part:
>
> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).

 28 U.S.C. § 1447(c). Because removal of civil cases from state to federal court infringes state sovereignty, courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined."); *Mulcahey*, 29 F.3d at 151 ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction.") (citation omitted); *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (noting "Congress' clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction") (citation omitted).

### III.   *Discussion*

Defendants argue—and Plaintiff does not contest—that there is complete diversity between the parties and the amount in controversy exceeds $75,000. (*See* ECF 1, 6, 10, 11.) There is similarly no dispute that Plaintiff did not serve Defendants with the complaint prior to the removal of this action. (*See id.*) The sole issue in dispute is whether the forum-defendant rule exception to the removal statute bars Defendants from removing this action before Plaintiff serves them with the complaint. (*See* ECF 6, 10, 11.)

A defendant's ability to remove based upon diversity jurisdiction is limited by 28 U.S.C. § 1441(b)(2), which provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

This provision, "commonly known as the 'forum defendant rule,' is 'separate and apart from the statute conferring diversity jurisdiction . . . [and] confines removal on the basis of diversity to instances where no defendant is a citizen of the forum state.'" *Councell v. Homer Laughlin China Co.*, 823 F. Supp. 2d 370, 377 (N.D. W. Va. 2011) (Stamp, J.) (quoting *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006)). In *Councell*, Judge Stamp provided the following description of the purpose behind the forum-defendant rule:

> The forum defendant rule exists due to the basic premise behind diversity jurisdiction itself. Section 1332 jurisdiction is designed as a protection for out-of-state litigants from possible bias in favor of in-state litigants in state court. Removal based upon diversity serves this purpose in that an in-state plaintiff may not utilize her position as master of the case to keep an out-of-state defendant in state court in order to take advantage of local bias. However, the protection upon which removal based upon diversity is premised is not an issue when an out-of-state plaintiff chooses to bring[] a suit in the state where the defendant is a citizen. Therefore, the forum defendant rule exists to allow the plaintiff to retain a

4

certain amount of control over her case when such concerns about local bias in her favor are not at issue.

*Id.* at 379 (citation omitted); *see also Lively*, 456 F.3d at 940 ("The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought."). "Within this contextual framework, the forum defendant rule allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court." *Lively*, 456 F.3d at 940; *see also Councell*, 823 F. Supp. 2d at 379 ("[I]f diversity jurisdiction exists and a defendant removes a case in violation of the forum defendant rule . . . , the plaintiff may still exercise control over the case by moving for remand.")

The present issue is whether the phrase "properly joined and served" requires a plaintiff to serve the resident defendant in order for the forum-defendant rule to bar removal. (*See* ECF 6, 10, 11.) Defendants contend that the plain meaning of the phrase "properly joined and served" is that a resident defendant may remove an action after the filing of a complaint in state court, but before the plaintiff effectuates service. (*See* ECF 10.) Plaintiff argues, in response, that that the plain meaning of the forum-defendant rule requires service before removal, or, alternatively, that an interpretation of the rule that permits removal before service leads to absurd results and runs contrary to the legislative intent of the provision. (*See* ECF 11.)

In the Fourth Circuit, "[t]he general rule is that unless there is some ambiguity in the language of a statute, a court's analysis must end with the statute's plain language (the Plain Meaning Rule)." *Hillman v. I.R.S.*, 263 F.3d 338, 342 (4th Cir. 2001) (citing *Caminetti v. United States*, 242 U.S. 470, 485 (1917)); *see also United States v. Morison*, 844 F.2d 1057, 1064 (4th Cir. 1988) (quoting *I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421, 453 (1987) (Scalia, J., concurring)) ("[W]hen the terms of a statute are clear, its language is conclusive and courts are 'not free to

replace . . . [that clear language] with an unenacted legislative intent.'"). "Additionally, the Court must give meaning to every word of the statute, not reading any word out or treating it as surplusage." *Campbell v. Hampton Rds. Bankshares, Inc.*, 925 F. Supp. 2d 800, 809 (E.D. Va. 2013) (citing *United States v. Pressley*, 359 F.3d 347, 350 (4th Cir. 2004)).

There are two exceptions to the Plain Meaning Rule. First, this rule does not apply "when literal application of the statutory language at issue produces an outcome that is demonstrably at odds with clearly expressed congressional intent to the contrary." *Hillman*, 263 F.3d at 342 (citing *Sigmon Coal Co. v. Apfel*, 226 F.3d 291, 304 (4th Cir. 2000)). Second, the Plain Meaning Rule does not apply "when literal application of the statutory language at issue 'results in an outcome that can truly be characterized as absurd, *i.e.*, that is so gross as to shock the general moral or common sense.'" *Id.* (quoting *Sigmon Coal Co.*, 226 F.3d at 304). "If either of these exceptions apply, then [the court] can look beyond an unambiguous statute and consult legislative history to divine its meaning." *Id.* (internal quotation marks and citation omitted); *see Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 527 (1989) (Scalia, J., concurring) (stating that when a court is confronted "with a statute which, if interpreted literally, produces an absurd . . . result," the court's "task is to give some alternative meaning . . . that avoids this consequence"). However, "the instances in which either of these exceptions to the Plain Meaning Rule apply 'are, and should be, exceptionally rare.'" *Hillman*, 263 F.3d at 342 (quoting *Sigmon Coal Co.*, 226 F.3d at 304); *see also Morison*, 844 F.2d at 1064 (quoting *Burlington N. R.R. Co. v. Bhd. of Maint. of Way Emps.*, 107 S. Ct. 1841, 1860 (1987)) (stating the Plain Meaning Rule "is departed from only in . . . rare and 'exceptional circumstances'").

The Fourth Circuit has not addressed the question of whether removal before service defeats the removal bar provided in the forum-defendant rule, and no court in this District has ruled on this issue.[1] In addition, few of the other courts of appeals have addressed this question, and those that have reached different conclusions. *Compare Goodwin v. Reynolds*, 757 F.3d 1216, 1220–21 (11th Cir. 2014) (finding "persuasive" the interpretation of the forum-defendant rule "as an effort to prevent gamesmanship by plaintiffs" and stating that the court "cannot believe that it constrains the district court's discretion under [Federal Rule of Civil Procedure] 41(a)(2) to undo *Defendants'* gamesmanship" by removing the action prior to the effectuation of service), *with McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) (citations omitted) ("Where there is complete diversity of citizenship . . ., the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)."); *see also Holmstrom v. Peterson*, 492 F.3d 833, 839 (7th Cir. 2007) ("The district court's handling of the unique situation of lack of service on *all* defendants, including the resident defendant, whether correct or erroneous, is simply an interpretation of § 1441(b)."). This "dearth of instructive circuit-level cases is perhaps unsurprising . . . , given the fact that a decision to remand a case based on the forum-defendant rule is unreviewable via appeal." *In re Testosterone Replacement Therapy Prods. Liab. Litig.*

---

[1] In *Leonard v. Mylan, Inc.*, Judge Goodwin noted that "[h]ome-state defendants are generally precluded from removing a case to federal court . . . [b]ut this rule only applies when the home state defendant has been 'properly joined and served.'" 718 F. Supp. 2d 741, 743 (S.D. W. Va. 2010). However, Judge Goodwin did not further address the "properly joined and served" requirement, as the plaintiffs waived the procedural defect of improper removal "by not objecting within thirty days of removal." *Id.* (citations omitted).

Next, in *Cook v. Bob Evans Farms, Inc.*, Judge Goodwin discussed the divide among courts in interpreting the "properly joined and served" phrase in the forum-defendant rule. Civil Action No. 2:11–cv–01017, 2012 WL 407261, at *3 (S.D. W. Va. Feb. 8, 2012). However, the court found that the parties lacked complete diversity and, as such, again did not "reach the forum defendant rule or the purported [service] exception." *Id.* at *4.

In *Burgess v. Infinity Financial Employment Services, LLC*, this Court addressed the "properly joined and served" issue and noted that "[c]ourts are divided on the question of whether removal is proper in cases involving an unserved forum defendant." Civil Action No. 2:11–cv–00946, 2012 WL 399178, at *2 (S.D. W. Va. Feb. 7, 2012) (citing *Vitatoe v. Mylan Pharm., Inc.*, Civil Action No. 1:08cv85, 2008 WL 3540462, at *2–3 (N.D. W. Va. Aug. 13, 2008)). However, the Court decided *Burgess* on other grounds and did not reach the present issue. *See id.* at *2–6.

(*Testosterone Prods.*), No. 14 C 1748, 14 C 4856, 2014 WL 4638679, at *2 (N.D. Ill. Sept. 15, 2014) (citing *Holmstrom*, 492 F.3d at 839); *see* 28 U.S.C. § 1447(d) (providing that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," except for civil rights cases and cases involving claims against certain federal officers or agencies); *Burgess v. Infinity Fin. Emp't Servs., LLC*, Civil Action No. 2:11–cv–00946, 2012 WL 399178, at *3 (S.D. W. Va. Feb. 7, 2012) (Johnston, J.) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996)) ("The Supreme Court has limited § 1447(d) insulating from appellate review those remand orders based on the grounds specified in § 1447(c), namely, a defect in the removal procedure and a lack of subject matter jurisdiction.").

There is a broad and growing divide among the district courts as to whether the forum-defendant rule bars pre-service removal based on diversity jurisdiction. *See Burgess*, 2012 WL 399178, at *2. Indeed, some courts within the same district are divided on this topic. *Hensley v. Forest Pharm., Inc.*, 21 F. Supp. 3d 1030, 1035 (E.D. Mo. 2014). *Compare Terry v. J.D. Streett & Co.*, No. 4:09CV01471 FRB, 2010 WL 3829201, at *1–2 (E.D. Mo. Sept. 23, 2010) (denying remand), *and Thomson v. Novartis Pharm. Corp.*, Civil No. 06–6280, 2007 WL 1521138, at *3–4 (D.N.J. May 22, 2007) (same), *with Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1245–46 (E.D. Mo. 2012) (remanding case), *and Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640, 645 (D.N.J. 2008) (same).

District court opinions addressing this issue follow roughly three approaches. Under the first approach, courts find the plain meaning of the "properly joined and served" language of Section 1441(b)(2) permits an unserved resident defendant to remove the case based on diversity jurisdiction and then applied that plain meaning. *See, e.g.*, *Robertson v. Iuliano*, Civil Action No.

RDB 10–1319, 2011 WL 453618, at *3 (D. Md. Feb. 4, 2011) ("[S]ection 1441(b) does not bar removal because the Maryland defendants . . . were not properly joined and served at the time of removal."); *Chace v. Bryant*, No. 4:10–CV–85–H, 2010 WL 4496800, at *2 (E.D.N.C. Nov. 1, 2010) ("The plain language of Section 1441(b) implies that a diverse but resident defendant who has not been served may be ignored in determining removability. Therefore, 28 U.S.C. § 1441(b) does not apply to bar removal of this action.") (internal quotation marks and citations omitted); *Harvey v. Shelter Ins. Co.*, Civil Action No. 13–392, 2013 WL 1768658, at *2 (E.D. La. Apr. 24, 2013) ("[T]he plain language of the statute must prevail over the plaintiff's policy arguments to the contrary."); *Munchell v. Wyeth LLC*, Civil Action No. 12–906–LPS, 2012 WL 4050072, at *3–4 (D. Del. Sept. 11, 2012) (noting that "nothing in the statute limits the opportunity to remove only to non-forum defendants" and applying the court's interpretation of the plain meaning of the forum-defendant rule as permitting pre-service removal by a forum defendant); *Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1128–29 (N.D. Cal. Mar. 2, 2012) (applying a plain meaning of the statute that permits pre-service removal by a forum defendant); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Relevant Prods. Liab. Litig.*, No. 3:09–md–02100–DRH–PMF, 2010 WL 3937414, at *11 (S.D. Ill. Oct. 4, 2010) (finding "sufficient ground for denying [the plaintiff's] motion to remand" where the defendants removed the case two hours and thirty-two minutes before the plaintiff served them); *Terry*, 2010 WL 3829201, at *1 ("[N]othing in § 1441(b) prohibits removal in a case where a defendant has not been served."); *Thomson*, 2007 WL 1521138, at *3–4 ("[T]he plain reading of § 1441(b) and a straightforward application of it in this case warrants denial of [the motion to remand]."). These pro-removal courts often find that a literal reading of Section 1441(b) leads to results that are contrary to the

purpose of diversity jurisdiction or permits gamesmanship on the part of defendants, but hold that the plain meaning of the forum-defendant rule is nonetheless controlling. *See, e.g.*, *Poznanovich v. AstraZeneca Pharm. LP*, Civil Action No. 11–4001 (JAP), 2011 WL 6180026, at *3 (D.N.J. Dec. 12, 2011) (stating that, while many courts that follow the first approach "acknowledge in some way the colorable policy arguments that it is unjust that a properly joined defendant could monitor state court dockets and remove cases prior to being served, and that it makes little sense to provide a federal forum to an in-state defendant upon removal of a diversity case, these decisions found such arguments to be insufficient to overcome the requirement that a court give meaning to the plain language of a statute") (internal quotation marks and citation omitted); *City of Ann Arbor Emps.' Ret. Sys. v. Gecht*, No. C-06-7453 EMC, 2007 WL 760568, at *7–10 (N.D. Cal. Mar. 9, 2007) (noting that the plaintiff's argument that the forum defendant engaged in gamesmanship "is not without merit-indeed, has a great deal of appeal," but that the Court was "constrained by the plain language of § 1441(b)"). Some courts characterize this first approach as the majority view. *See, e.g.*, *Robertson*, 2011 WL 453618, at *2 ("The majority of courts that have interpreted section 1441(b) apply the plain language of the statute to allow removal when none of the forum defendants have been served.") (citations omitted); *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361, 1368 (N.D. Ga. 2011) (noting the approach that the plain meaning of the forum-defendant rule is controlling "appears to be the majority view"); *Massey v. Cassens & Sons, Inc.*, No. 05-CV-598-DRH, 2006 WL 381943, at *2 (S.D. Ill. Feb. 16, 2006) ("Under the statute's plain language . . ., if a resident defendant is not both joined and served, the forum defendant rule does not apply. This is the conclusion that has been reached virtually uniformly by federal courts.") (internal quotation marks and citations omitted).

District courts that follow the second approach agree that the plain meaning of Section 1441(b) requires that a defendant be both joined and served in order for the forum-defendant rule to bar removal by a resident defendant. *See, e.g.*, *Campbell v. Hampton Rds. Bankshares, Inc.*, 925 F. Supp. 2d 800, 809 (E.D. Va. 2013) (finding the plain meaning of the statute "permit[s] removal so long as forum-defendants remove before a plaintiff can serve them"). However, these courts look past a literal reading of the statute, determine that a blind application of the plain meaning of Section 1441(b)(2) is contrary to legislative intent or produces absurd results, and remand the case. *See, e.g.*, *id.* at 809–10 ("[P]ermitting a forum defendant to appear and seek federal jurisdiction for an action through removal, whilst simultaneously asserting that it cannot be barred from removing because it has not been properly made party to the action—through delivery of summons and a copy of the complaint—is patently absurd."); *Testosterone Prods.*, No. 14 C 1748, 14 C 4856, 2014 WL 4638679, at *5 (N.D. Ill. Sept. 15, 2014) ("Given [the defendant's] ability to obtain on its own near-instantaneous information about the filing of suit, application of the literal language of section 1441(b) would defeat the statute's purpose. The Court therefore declines to read the statute that way."); *Swindell-Filiaggi v. CSX Corp.*, 922 F. Supp. 2d 514, 521 (E.D. Pa. 2013) ("[R]ewarding a 'race to remove' is at odds with Congress's interest in limiting the right of removal."); *Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1245–46 (E.D. Mo. 2012) ("It is unlikely that the plain wording of Section 1441(b)(2) broadly encompasses an electronic docket vigil that would enable forum defendants, or out-of-state defendants joined to forum defendants, to exercise their own forum-shopping manipulation of jurisdiction."); *Laugelle v. Bell Helicopter Textron, Inc.*, Civ. A. No. 10–1080 (GMS), 2012 WL 368220, at *3 (D. Del. Feb. 2, 2012) ("Given the Third Circuit's clear preference for remand . . . , and considering the purpose of the forum

11

defendant rule and the deference afforded to the plaintiff's choice of forum, the court finds that removal under § 1441(b) was improper."); *Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640, 643 (D.N.J. 2008) ("The literal application of § 1441(b) in this case would both produce bizarre results that Congress could not have intended, and results that are demonstrably at odds with the objectives Congress did intend to effect."); *Ethington v. Gen. Electric Co.*, 575 F. Supp. 2d 855 (N.D. Oh. 2008) ("[T]he Court finds that applying the plain language of § 1441(b) would produce a result demonstrably at odds with Congressional intent underpinning the forum defendant rule, and specifically with the 'properly joined and served' language."). Some courts note an emerging trend in district courts favoring this pro-remand approach. *See Perez*, 902 F. Supp. 2d at 1245 (noting that "the emerging trend seems in favor of disallowing pre-service removal"); *Ethington*, 575 F. Supp. 2d at 863 ("The Court further notes that the growing trend among district courts wrestling with this latest litigation fad is to grant a timely motion to remand.").

A minority of courts follow a third approach, which deviates from the other two approaches in the first step of the analysis. These courts analyze the language of Section 1441(b) and, rather than finding it permits pre-service removal, hold that the plain meaning of the forum-defendant rule "conditions removal on the service of at least one defendant such that a forum defendant in a single-defendant case may not remove the case prior to service." *FTS Int'l Servs., LLC v. Caldwell-Baker Co.*, No. 13–2039–JWL, 2013 WL 1305330, at *2 (D. Kan. Mar. 27, 2013) (citations omitted); *see, e.g.*, *id.* at *3 (remanding the case because the plaintiff had not served the defendant); *Howard v. Genentech, Inc.*, Civil Action No. 12–11153–DPW, 2013 WL 680200, at *3 (D. Mass. Feb. 21, 2013) ("[T]he plain language of section 1441(b) requires at least

one defendant to have been served before removal can be effected."); *Hawkins*, 785 F. Supp. 2d at 1368–72 (interpreting the "properly joined and served" provision in light of the definition of "served" under Georgia law and holding that Section 1441(b)'s text is "not ambiguous" and requires service before a defendant can remove the case).

The Court is persuaded by those opinions that find the plain meaning of Section 1441(b)(2) permits pre-service removal by a resident defendant, but a literal application of this plain meaning is contrary to congressional intent and creates absurd results. The forum-defendant rule operates as an exception to diversity jurisdiction. *See Councell v. Homer Laughlin China Co.*, 823 F. Supp. 2d 370, 379 (N.D. W. Va. 2011). However, the language of the statute clearly states that this exception only applies if a defendant, which is "a citizen of the state in which such action is brought," is both "properly joined *and served*." *See* 28 U.S.C. § 1441(b)(2) (emphasis added). Absent these requirements, a literal reading of this statute indicates that the forum-defendant rule does not apply and a resident defendant may remove an action based on diversity jurisdiction. *See id.* This interpretation is in accordance with the vast majority of district courts that addressed the "properly joined and served" issue. *See, e.g.*, *Testosterone Prods.*, 2014 WL 4638679, at *2–4 (describing the pro-removal and pro-remand positions of numerous district courts).

Nonetheless, the Court finds that this case presents exceptional circumstances that require deviation from the plain meaning of the forum-defendant rule. The analysis of whether an exception to the Plain Meaning Rule applies begins with legislative history. *See Hillman v. I.R.S.*, 263 F.3d 338, 342 (4th Cir. 2001). The removal doctrine has been a part of American jurisprudence since 1789. *See Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 386 (1998) (citations omitted). However, Congress did not add the "properly joined and served" limitation to the

removal statute until 1948. *Sullivan*, 575 F. Supp. 2d at 644 (citing 28 U.S.C. § 114 (1940) and 28 U.S.C. § 1441(b) (1948)). "Courts have generally recognized that the legislative history of the 1948 revision provides no explanation for the inclusion of the 'properly joined and served' language." *Howard*, 2013 WL 680200, at *6 (citing *Sullivan*, 575 F. Supp. 2d at 644); *see Hawkins*, 785 F. Supp. 2d at 1375 (consulting the Senate and House Committee Reports related to the introduction of the "properly joined and served" language and finding that "[t]he reason behind the addition of the joined and served language is not clear from the legislative history"). "Multiple courts, however, have interpreted" the addition of the "properly joined and served" language "as an effort to prevent gamesmanship by plaintiffs." *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) (citing *Sullivan*, 575 F. Supp. 2d at 643). "In the view of these courts, the purpose of the language is 'to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve." *Id.* (citing *Sullivan*, 575 F. Supp. 2d at 645); *see also Khashan v. Ghasemi*, No. CV 10-00543, 2010 WL 1444884, at *2 (C.D. Cal. Apr. 5, 2010) (citing *Stan Winston Creatures, Inc. v. Toys R Us, Inc.*, 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003)) (noting that courts have widely interpreted the addition of the "properly joined and served" phrase "as reflecting a Congressional intent to prevent the fraudulent joinder of forum defendants in order to avoid removal"); *see generally Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981) ("Section 1441(b) does not qualify the requirement of complete diversity; rather, it further limits jurisdiction based on diversity of citizenship by requiring that no joined and served defendants be a citizen of the state in which the action was initially brought.") (citations omitted).

14

A literal reading of Section 1441(b)(2) that permits pre-service removal by forum defendants is clearly contrary to the purpose of the "properly joined and served" language. Rather than place a limit on diversity jurisdiction—as intended by the addition of this language—pre-service removal expands diversity jurisdiction by permitting adroit forum defendants to remove diversity actions. *See Hawkins*, 785 F. Supp. 2d at 1377 ("[F]rom the inception of the removal statute, a forum defendant has *never* been allowed to remove a diversity action.").

Additionally, this plain reading flips the purpose of the "properly joined and served" language on its head. Rather than only providing a shield for defendants against gamesmanship by plaintiffs, the literal interpretation of Section 1441(b)(2) would provide an incentive for defendants to employ gamesmanship, themselves, by racing to remove newly filed actions. *See, e.g.*, *Ethington v. Gen. Electric Co.*, 575 F. Supp. 2d 855, 862 (N.D. Oh. 2008) (rejecting an interpretation of the forum-defendant rule that would allow defendants to engage in gamesmanship). It defies any notion of common sense that Congress would intend to promote gamesmanship by defendants through the same language it used to prevent gamesmanship by plaintiffs. The Court will not read Section 1441(b)(2) in a manner that would eviscerate the forum-defendant rule and promote results so far afield from the congressional intent behind the statute.[2]

---

[2] Defendants argue that Congress's decision to retain the "properly joined and served" language when it revised Section 1441(b) in 2011 serves as a ratification of those opinions applying a literal reading of the statute. (ECF 10 at 11–12.). *See generally Lorillard v. Pons*, 434 U.S. 575, 580–81 (1978) ("Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change. So too, where . . . Congress adopts a new law incorporating sections of a prior law, Congress normally can be presumed to have had knowledge of the interpretation given to the incorporated law, at least insofar as it affects the new statute."). The Court disagrees and finds the 2011 amendment to the removal statute does not alter its analysis.

As Defendants note, Congress chose to retain the "properly joined and served" language when it substantively amended Section 1441(b) in 2011. *See* Federal Courts Jurisdiction and Venue Clarifications Act of

15

The Court also finds that the plain meaning of the forum-defendant rule statute produces absurd and untenable results. *See, e.g.*, *Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640, 645–46 (D.N.J. 2008) (stating that the defendant's "contention that removability should depend on the timing of service of process is absurd on its face"). As noted above, the purpose of the forum-defendant rule is to serve as an exception to diversity jurisdiction, as the concern regarding local bias "is not an issue when an out-of-state plaintiff chooses to bring[] a suit in the state where the defendant is a citizen." *Councell v. Homer Laughlin China Co.*, 823 F. Supp. 2d 370, 379 (N.D. W. Va. 2011) (Stamp, J.). Any concern regarding local bias remains lacking in the case of a resident defendant, whether they are served or not. However, under the literal interpretation of the "properly joined and served" language, savvy defendants can closely monitor court dockets and—if they win the race to remove—wrestle control of the forum of litigation away from plaintiffs in cases that hold no risk of local bias. *See, e.g. Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1244 (E.D. Mo. 2012) ("The rationale underlying the forum defendant rule is most clearly contravened when a forum defendant itself removes the action before being served.")

This concern regarding a potential race to remove litigation is far from academic. There is substantial evidence that sophisticated defendants monitor court dockets for the chance to hastily remove new complaints. *See, e.g. Testosterone Prods.*, No. 14 C 1748, 14 C 4856, 2014 WL

---

2011, Pub. L. No. 112–63, § 103, 125 Stat. 758. Nonetheless, there is one glaring deficiency with Defendants' interpretation of the 2011 congressional action—there was no single judicial interpretation of the "properly joined and served" language for Congress to ratify. As discussed at length above, district courts across the country are sharply divided on this topic. Absent some further indication of legislative intent, the Court will not interpret this relative silence on the part of Congress as ratification of any particular interpretation of the "properly joined and served" language. *See, e.g.*, *Testosterone Prods.*, 2014 WL 4638679, at *3 ("[T]here is no basis to read into the amended forum-defendant rule any Congressional intention to adopt one line of district court decisions and reject another. Congress's silence on the topic is just that—silence."); *Perez*, 902 F. Supp. 2d at 1241 n.4 ("Because this action was commenced after January 6, 2012, the Federal Courts Jurisdiction and Venue Clarifications Act of 2011 . . . applies to this case. The Court notes, though, that the changes to Section 1441(b) do not impact the Court's analysis on the relevant issues.").

16

4638679, at *5 (N.D. Ill. Sept. 15, 2014) (noting the defendant acknowledged that it monitored court dockets). For example, in *Schilmiller v. Medtronic, Inc.*, the court addressed a series of cases in which the plaintiffs filed fourteen complaints with only state-law claims against Medtronic, Inc. in Jefferson County, Kentucky. No. 3:13–CV–01097–CRS–JDM, 2014 WL 4211189, at *1–4 (W.D. Ky. Aug. 25, 2014). Medtronic removed every single one of these cases within two business days of each filing before, "as a practical matter," it was even possible for the plaintiffs to serve the defendants. *Id.* at *4. While the Medtronic defendants did "not admit to gamesmanship in monitoring the state court docket," the court found "their pattern of behavior in jack rabbit removal [to be] obvious." *Id.* The Court will not interpret Section 1441(b)(2) in a way that incentivizes such patently absurd gamesmanship on the part of defendants and provides a unique tool for savvy forum defendants to control the forum of litigation. *See, e.g.*, *Sullivan*, 575 F. Supp. 2d at 646 ("As a matter of common sense, the court is confident, beyond any doubt, that Congress did not add the 'properly joined and served' language in order to reward defendants for conducting and winning a race, which serves no conceivable public policy goal, to file a notice of removal before the plaintiffs can serve process."). *See generally McKinney v. Bd. of Trs. of Mayland Cmty. Coll.*, 955 F.2d 924, 927 (4th Cir. 1992) ("[T]he removal procedure is intended to be fair to both plaintiffs and defendants alike.") (internal quotation marks and citation omitted).

Additionally, under a literal reading of the "properly joined and served" language, plaintiffs in different states would not be similarly situated in their control of the forum of litigation. In some states, such as West Virginia, there are minimal procedural or institutional barriers for plaintiffs to quickly serve defendants after filing a complaint. By contrast, in other jurisdictions, the local rules and customs require a gap between filing and service. *See, e.g.*,

*Testosterone Prods.*, 2014 WL 4638679, at *5 (noting that, "[e]ven for the most diligent plaintiff, there will be a gap before process can be served" in the Circuit Court of Cook County because "Illinois law typically requires the county sheriff to serve summons" and "recordkeeping and docketing technology is several generations ahead of the procedure and technology used to serve legal process"). A literal reading of Section 1441(b)(2) creates an imbalance between plaintiffs in different states and places plaintiffs in states with local rules or customs that require at least a small gap between filing and service at a disadvantage in the race to remove. *See Laugelle v. Bell Helicopter Textron, Inc.*, Civ. A. No. 10–1080 (GMS), 2012 WL 368220, at *3 (D. Del. Feb. 2, 2012) (stating that a literal reading of the forum-defendant rule "would promote inequitable application of the removal statute across the country due to the varying rules on in-state service, and would wreak havoc in many jurisdictions where immediate service is improper, including Delaware"). The Court declines to read the forum-defendant rule in a manner that creates this stark difference in the state-by-state application of the removal process. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941) ("The removal statute which is nationwide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied.").

For the foregoing reasons, the Court finds that, in cases involving only resident defendants, the forum-defendant rule bars resident defendants from removing an action pursuant to diversity jurisdiction before effectuation of service.[3] In the present case, Plaintiff filed the complaint in the Circuit Court for Kanawha County, West Virginia. (ECF 1, Ex. A.) Defendant Daniels Law Firm,

---

[3] As the instant case only involves forum defendants, the Court does not reach the related issue of whether the forum-defendant rule bars pre-service removal when the case involves both resident and non-resident defendants. *See, e.g., Vitatoe v. Mylan Pharm., Inc.*, Civil Action No. 1:08cv85, 2008 WL 3540462, at *6 (N.D. W. Va. Aug. 13, 2008) (Keeley, J.) (addressing the situation where a non-resident defendant removed the action before the plaintiff served the forum defendant).

PLLC is a professional limited liability company organized under the laws of West Virginia and Defendant Norman T. Daniels, Jr. is a resident of West Virginia. (ECF 1 at 3; *see also id.* ("Defendants Daniels Law Firm and Mr. Daniels are citizens of West Virginia.").) As such, the only defendants in this action are residents of the forum state and the forum-defendant rule bars Defendants from removing this action, regardless of whether Defendants removed it prior to service. Accordingly, the Court **GRANTS** the Motion to Remand.

### IV.     *Conclusion*

For the reasons discussed above, the Court **GRANTS** the Motion to Remand. The Clerk is **DIRECTED TO REMAND** this case to the Circuit Court of Kanawha County, West Virginia. As this case is remanded, the Court does not reach the Motion to Dismiss.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Clerk of the Circuit Court of Kanawha County, West Virginia, counsel of record, and any unrepresented party.

ENTER:      March 19, 2015

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

19